## STATE v. ROBERT LEE HEDSTROM.

148 N. W. (2d) 319.

January 13, 1967—No. 40,193.

*Mitchel I. Kirshbaum,* for appellant on appeal only.

*Robert W. Mattson,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* Assistant County Attorney, for respondent.

PER CURIAM.

Defendant has been charged with aggravated forgery in violation of Minn. St. 609.625. He pled not guilty and was convicted. The issues raised are whether evidence of other violations committed by defendant during the same episode were admissible and, if not, whether counsel's failure to make timely objection deprived defendant of a fair trial.

In the early hours of the morning of March 8, 1965, defendant in company with three companions secured two rooms from the manager of a motel at 3671 Central Avenue N. E. in the city of Minneapolis. In doing so, he obtained a blank check which he filled out for the sum of $20 and signed with a fictitious name. With it he sought to secure a $14-room and cash in the sum of $6. The manager refused to cash the check but gave defendant

168 Minn. 444, 210 N. W. 286; State v. Gaularpp, 144 Minn. 86, 174 .N. W. 445.

two $10-rooms instead.[1] After issuing keys to defendant, the manager went outdoors and noted the license number of the car defendant was using. Shortly thereafter defendant asked the manager for another blank check which he stated he would cash at a nearby filling station. As defendant left, the manager observed that the car went in the opposite direction from defendant's stated destination.

About 45 minutes later, a bar owner at 4942 34th Avenue South saw prowlers in a Texaco station across the street and called the police. They spotted the automobile, which had been described to them, and after a chase at high speeds succeeded in curbing it. The car contained defendant and his companions. A subsequent investigation at the Texaco station disclosed that defendant had taken cash from the gas station and substituted for it the second check on which he had forged the name of another fictitious drawer.

By way of defense, defendant claims he intended the first check only as a promissory note and that he advised the manager that he did not have sufficient funds to cover it.

Witnesses for the prosecution were permitted to recite the events which followed defendant's departure from the motel, including his presence in the service station (where he claimed he was employed), the chase by the police, the fact they saw him change places with the driver while being pursued, and a threat by one of his companions that he would disclose the purpose of their being in the service station unless defendant admitted he was the driver of the getaway car. Except as to the second forgery, no objection was taken to any of this testimony. Defendant now claims that the evidence recited deprived him of a fair trial.

We have held in a number of cases that in prosecutions for forgery and similar offenses other related crimes are admissible to show a common scheme, pattern, or course of conduct.[2] On this principle it was clearly competent to offer in evidence the second forged check, and in support of that charge it was proper to show defendant's conduct in taking flight. The other evidence to which defendant objects was equally relevant. Hence no prejudice resulted from counsel's failure to interpose an objection.

Affirmed.

MR. JUSTICE PETERSON, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[1] It is this forgery for which defendant was prosecuted.

[2] State v. Polk, 263 Minn. 209, 116 N. W. (2d) 540; State v. Clark, 270 Minn. 538, 556, 134 N. W. (2d) 857, 869.